1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN D. STEIN,<br><br>                                    Plaintiff,<br>   v.<br><br>TRI-CITY HEALTHCARE<br>DISTRICT, a California healthcare<br>district, LARRY B. ANDERSON, an<br>individual<br><br>                                    Defendants. | Case No. 12cv2524 BTM (BGS)<br><br>**ORDER DENYING MOTION<br>TO DISMISS** |

On November 9, 2012, Defendants Tri-City Healthcare District and Larry B. Anderson filed a motion to dismiss the Plaintiff's Complaint (ECF No. 7).  For the reasons below, Defendants' motion is hereby **DENIED**.

## I.  BACKGROUND

Plaintiff Steven D. Stein ("Plaintiff") filed the Complaint against Tri-City Healthcare District ("Tri-City") and Larry B. Anderson ("Anderson") (collectively "Defendants") on October 17, 2012.  Beginning in August of 2009, Plaintiff was employed as Tri-City's Vice President of Legal Affairs and Chief Compliance Officer, reporting directly to Anderson, Tri-City's Chief Executive Officer.  (Complaint ¶ 9.) Plaintiff alleges that Defendants had a pattern and practice of disability discrimination, including the termination of employees seeking medical leave.  (Complaint ¶ 12.)

In early 2011, Plaintiff was diagnosed with Irritable Bowel Syndrome ("IBS"), which required Plaintiff to request medical leave, take approved time off, and frequently work from home.  (Complaint ¶¶ 14-15.)  Soon thereafter, Plaintiff alleges that Anderson regularly directed derogatory comments towards Plaintiff, refused to accommodate Plaintiff's medical condition, and harassed and vilified Plaintiff in the presence of other employees.  (Complaint ¶ 17.)  Following an altercation during an executive meeting on March 2, 2012, Plaintiff alleges that he received a letter from Anderson accepting his resignation.  (Complaint ¶ 23.)  Plaintiff alleges that he neither resigned, quit, nor informed others of an intention to do so.  (Complaint ¶ 22.)

Although Plaintiff asserts a total of ten (10) causes of action arising under both federal and state law, the Defendants' motion to dismiss only challenges the Plaintiff's ninth cause of action for retaliatory discharge in violation of Cal. Lab. Code § 1102.5(b).

## II.  <u>LEGAL STANDARD</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory.  <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988).  When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff.  <u>See</u> <u>Parks Sch. of Bus., Inc. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995).

Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level."  <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555 (2007).  "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Id.</u>  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (internal quotation marks omitted).

### III.  DISCUSSION

Defendants move to dismiss the Plaintiff's claim for retaliatory discharge in violation of Cal. Lab. Code § 1102.5(b), commonly known as a "whistleblower" statute.  Defendants argue that Plaintiff cannot prosecute this claim without revealing information protected by attorney-client privilege.  For the reasons discussed below, the Court denies Defendants' motion to dismiss.

A.  Federal Privilege Law Applies

Defendants argue that state privilege law governs a claim or defense for which state law supplies the rule of decision.  While ordinarily true, in cases where federal privilege law governs the claim over which the Court has original subject matter jurisdiction, federal privilege law also applies to supplemental state claims as well.  Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 367 n.10 (9th Cir. 1992); Crowe v. County of San Diego, 242 F. Supp. 2d 740, 750 (S.D. Cal. 2003).  In the present case, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).  Because federal privilege law governs the rule of decision for federal question claims, Fed. R. Evid. 501, federal privilege law applies to Plaintiff's state law claims as well.  Therefore, the correct precedent guiding this Court's decision comes from federal privilege law.

B.  Dismissal at This Stage is Improper

At this stage, it would be improper to dismiss a claim made by the Plaintiff upon fear of potential attorney-client privilege violations.  Plaintiff argues that an employee is protected from termination if and when an employee notifies a government agent of

actual and/or potential violations of law.  Because Tri-City is a local government entity, and because Plaintiff alleges his termination was the direct result of notifying Tri-City of actual and/or potential violations of law, Plaintiff alleges that his termination violated Cal. Lab. Code § 1102.5(b).  Defendants argue that Plaintiff is barred from prosecuting his claim because doing so would require the disclosure of information protected by attorney-client privilege.

Federal courts have consistently refused to dismiss a claim on pretrial motions claiming potential violations of attorney-client privilege.  See Clarke v. American Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992) (noting that a complaint is not required to anticipate or address a defense of attorney-client privilege).  In Meadows v. Kindercare Learning Centers, 2004 WL 2203299 (D. Or. 2004), defendants moved to dismiss a wrongful discharge claim made by an attorney-employee on the grounds that the proceeding would require the Plaintiff to violate attorney-client privilege.  Rejecting the defendant's motion, the court in Meadows recognized the equitable measures available to permit an attorney-plaintiff to prove his claim while protecting attorney-client privilege. Id. at *3.  In Kachmar v. Sungard Data Sys., 109 F.3d 173 (3d Cir. 1997), the district court dismissed a Title VII claim made by an attorney-employee on the basis of attorney-client privilege.  However, the Third Circuit vacated the dismissal, noting, "It is premature at this stage of litigation to determine the range of evidence [Plaintiff] will offer and whether or how it will implicate the attorney-client privilege."  Id. at 181.

Additionally, it should be noted that California courts have aligned with federal privilege law as it applies to pretrial motions to dismiss.  Although the Defendants cite General Dynamics Corp. v. Superior Court in support of their motion to dismiss, the California Supreme Court, in the same decision, recognized that dismissal of an attorney-employee's retaliatory discharge claim is "rarely if ever appropriate" at the pleading stage.  7 Cal. 4th 1164, 1170 (1994).  This Court does not deem the present situation to be "appropriate."

## IV.  <u>CONCLUSION</u>

For the reasons discussed above, Defendants' motion to dismiss is **DENIED**. Defendants shall file an answer to the complaint within twenty (20) days of the entry of this order.

**IT IS SO ORDERED.**

DATED:  June 3, 2013

BARRY TED MOSKOWITZ, Chief Judge
United States District Court

5