UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN D. STEIN,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>TRI-CITY HEALTHCARE DISTRICT, *a California Healthcare District*; LARRY B. ANDERSON, *an individual*,<br><br>　　　　　　　　Defendant. | Civil No. 12-CV-2524-BTM (BGS)<br><br>**ORDER REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**[DOC. NO. 104.]** |

## INTRODUCTION

On December 17, 2013, per this Court's Chambers' Rules regarding discovery disputes, counsel for all parties jointly contacted the Court. The parties informed the Court that they had a discovery dispute regarding the sequence of Plaintiff Stein's and Defendant Anderson's depositions. On December 18, 2013, the Court requested additional information to determine the extent of the issue at hand. (Doc. No. 99.) On December 20, 2013, the parties filed their joint statement in response to the Court's request. (Doc. No. 100.) After reviewing the parties joint statement, the Court ordered the parties to file a joint motion for determination of a discovery dispute. (Doc. No. 101.) On January 3, 2014, the parties filed their joint motion. (Doc. No. 104.)

///

///

1

# THE DISPUTE

In a nutshell, Plaintiff wants to take Anderson's deposition before his own deposition takes place. (Doc. No. 104 at 4.) Plaintiff noticed Anderson's deposition first, and relies on priority to move that Anderson's deposition should therefore be first. (*Id*. at 4-5) Plaintiff's expressed rationale for wanting to take Anderson's deposition before his own is to avoid the possibility that Anderson would color his testimony based upon knowledge of Stein's deposition testimony. (*Id*. at 5.)

Defendant on the other hand contends that it is in the interests of justice to take Stein's deposition before Anderson's. (*Id*. at 2.)   He contends that Stein's deposition will undoubtedly reveal what non-privileged information Stein can offer to support his claims. (*Id*. at 4).  Defendant maintains that to the extent there are any disputes over what is privileged, those will be worked out in the course of Stein's deposition. (*Id*.) Defendant suggests the proper procedure for working out these disputes is for the objecting party to make a motion and receive a decision from the Court. (*Id.* At 3-4).

# STANDARD OF REVIEW

Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice, methods of discovery may be used in any sequence and discovery by one party does not require any other party to delay its discovery. Fed. R. Civ. R. 26(d)(2); *United States v. Bartesch*, 110 F.R.D. 128, 129 (N.D. Ill. 1984).  The 1970 Amendments to the Federal Rules of Civil Procedure established this provision.  The Advisory Committee Notes to the 1970 Amendments explain the effect of Rule 26(d):

> The principal effects of the new provision are first, to eliminate any fixed priority in the sequence of discovery, and second, to make clear and explicit the court's power to establish priority by order issued in a particular case.

48 F.R.D. 487, 506 (1970).

Courts do not routinely grant protective orders altering the sequence of depositions. "Good cause" is required—i.e., a specific reason why one party's deposition

should be taken before other depositions are allowed. *California Practice Guide: Federal Civil Procedure Before Trial* (The Rutter Group 2012).

## DISCUSSION

In the present case both parties seek to have the Court order their requested sequence of depositions.  Plaintiff relies on the now defunct priority rule as well as tactical advantage, while Defendant claims the interests of justice will be served, a showing required under Fed. R. Civ. P. 26(d)(2).  The proper inquiry under this rule is whether either party has met its burden of good cause with the particular focus being on the interests of justice.  The Court finds neither party meets this standard, and denies both motions for a sequence order under Fed. R. Civ. R. 26(d)(2).

The Defendant's justification for good cause relies on the ground that ordering Stein's deposition first will facilitate discovery in that the information learned from that deposition will define the parameters and scope of discovery going forward. (Doc. 104 at 4).  The Court disagrees with Defendant's position.  Defendant states that any disputes that arise over privilege during Stein's deposition will be worked out in the course of the deposition. (*Id*.)  Yet the procedure Defendant suggests involves filing motions for a judicial interpretation of each asserted privilege. (*Id*. at 4-5).  This suggested procedure certainly will not have the desired result, i.e., the disputes will be worked out at the deposition and the deposition will define the scope of discovery going forward.  In effect, what will occur is the parties will have a discovery dispute over what is privileged and will be required by the Court's chambers' rules to follow the set procedure for resolving discovery disputes.  The bottom line is the sequence of depositions will not have the claimed effect of facilitating the discovery dispute procedure, and thereby define the scope of discovery going forward.

Additionally, the parties agreed in their joint discovery plan to provide appropriate privilege logs and to meet and confer over the scope of discovery when privilege becomes an issue. (Doc. No. 71 at 2-3).  This procedure certainly facilitates the discovery goals, not the motion presently before the Court.  As such, Defendant has not

established good cause to grant a motion to sequence the order of depositions. Accordingly, Defendant's request for an Order requiring Plaintiff Stein to be deposed first is **DENIED.**

Plaintiff states that he has scheduled the deposition of Defendant Anderson first in order to gain a tactical advantage. (*Doc. 104 at 5*) Plaintiff does not want Defendant Anderson to be in the position of having knowledge of the deposition testimony of Plaintiff Stein, which according to him, would color Anderson's testimony. (*Id.*) Plaintiff relies on priority to achieve this sequence goal. (*Id*. at 4). Plaintiff also offered to make himself available immediately after Defendant Anderson's deposition and has stipulated to all depositions being taken under seal. (*Id*. at 5.)

Under Fed. R. Civ. P. 26(d), discovery generally may be conducted by any party in any sequence desired. A motion for an order fixing the sequence or timing of discovery under Rule 26(d) is appropriate, however, when a certain sequence or timing of discovery is necessary for the convenience of the parties and witnesses and is in the interest of justice. Fed. R. Civ. P. 26(d). The Court finds that the reasons proffered by Plaintiff as to why Defendant Anderson should be required to be deposed first do not meet the standard set forth in Rule 26(d). Plaintiff does not argue that the sequence of discovery be fixed for the convenience of the parties and witnesses. Further, it is not in the interest of justice for the Court to choose sides and uphold one party's request for a tactical advantage over the other. Accordingly, Plaintiff's request for an Order requiring Defendant Anderson to be deposed first is also **DENIED**.

**IT IS SO ORDERED.**

DATED: February 4, 2014

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court