1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

STEVEN D. STEIN,

        Plaintiff,

      v.

TRI-CITY HEALTHCARE
DISTRICT, et al.

        Defendants.

Case No. 3:12 CV 2524 BTM BGS

**ORDER DENYING DEFENDANTS'
SPECIAL MOTIONS TO STRIKE**

On November 6, 2013, Defendants Tri-City Healthcare District ("Tri-City")
and Larry B. Anderson ("Anderson") moved to strike Plaintiff's thirteenth and
fourteenth causes of action for false light and blacklisting under California's Anti-
SLAPP statute, Cal. Code Civ. Pro. § 425.16(a). (Docs. 58, 64). For the reasons
discussed below, the motions are DENIED.

1

## __BACKGROUND__

Plaintiff Steven D. Stein has sued his former employer, Defendant Tri-City Healthcare District, and its CEO, Defendant Larry B. Anderson, for wrongful termination. (First Amended Complaint ("FAC") ¶ 11, 12, 23).

In August 2009, Plaintiff was hired by Tri-City to serve as Senior Vice President of Legal Affairs and Chief Compliance Officer. (FAC ¶ 9). Plaintiff was diagnosed with Irritable Bowel Syndrome ("IBS") in late 2010, sought and received treatment, but continued to suffer from IBS through 2011, requiring him to work from home and take approved time off. (FAC ¶¶ 13-15). Plaintiff alleges that in early 2012 Defendant Anderson began to make derogatory comments regarding Plaintiff, reduced his role at Tri-City by refusing to meet with Plaintiff or heed his legal advice, undermined Plaintiff's authority, instructed him to withhold information from the Board of Directors, and eventually terminated him. (FAC ¶¶ 16-17, 21-25).

Stein filed a complaint on October 17, 2012. (Doc. 1). On June 3, 2013, the Court denied Defendants' motion to dismiss. (Doc. 19). Three days later, San Diego Union Tribune reporter Aaron Burgin e-mailed Tri-City Senior Vice President and Chief Marketing Officer David Bennett, seeking comment on the denial of Defendants' motion to dismiss. (Decl. of David M. Bennett, Ex. A). Bennett replied:

> In the referenced decision by the Court, the court simply
> holds that Mr. Stein has pled a case and NOT that he HAS

a case at this time. In point of fact, Mr. Stein's case has NO merit. In fact, to this point, on May 8, 2013, Judge Irving of the California Unemployment Insurance Appeals Board found that Mr. Stein abandoned or materially breached material duties, and as a result, his employment was terminated for misconduct. *Further, Mr. Stein is a disgruntled former employee who has a long history of being a disgruntled employee.*

(Decl. of David M. Bennett, Ex. A) (emphasis added). Plaintiff notes that the Insurance Appeal Board later reversed its decision and found Stein had not been terminated for misconduct and that he was eligible for unemployment benefits.

On June 7, 2013, the Union Tribune published an article discussing the law suit and included Tri-City's statement that characterized Stein as "a disgruntled former employee who has a long history of being a disgruntled employee." (Decl. of David M. Bennett, Ex. B). As a result, Stein amended his complaint to include actions for false light and blacklisting. (Doc. 50; FAC ¶¶ 124-44).[1] In response, Defendants Tri-City and Anderson moved to strike Plaintiff's false light and blacklisting claims under California's Anti-SLAPP law, Cal. Code Civ. Pro. § 425.16. (Docs. 58, 64).

---

[1] Plaintiff's claims for false light and blacklisting are limited to one sentence in the e-mail: "Further, Mr. Stein is a disgruntled former employee who has a long history of being a disgruntled employee." Plaintiff is not pursuing a claim for any other part of the e-mail. (Doc. 50; FAC ¶¶ 124-44)

# **LEGAL FRAMEWORK**

## **I. California's Anti-SLAPP Law**

California enacted its Anti-SLAPP[2] law in response to the "disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Code Civ. Pro. § 425.16(a). § 425.16 provides in relevant part:

> (b)(1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

> (2) In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

> . . . .

> (e) As used in this section, "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized

---

[2] SLAPP stands for "Strategic Lawsuits Against Public Participation."

by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Courts apply a two part test to determine whether an action is subject to an Anti-SLAPP special motion to strike. Navellier v. Sletten, 29 Cal.4th 82, 85, 88 (2002). First, the defendant must establish that "the challenged cause of action is one arising from protected activity." Id. at 88. Activity is protected if it falls within the categories outlined in § 425.16(e). Id. Notably, subsection (e)(2) protects statements "made in connection with an issue under consideration or review by a . . . judicial body." While the statement may be made outside of court and published, see, e.g., Lafayette Morehouse, Inc. v. Chronicle Publishing Co., 37 Cal.App.4th 855, 862-64 (1995), Braun v. Chronicle Publishing Co., 52 Cal.App.4th 1036, 1046-47 (1997), it must nonetheless be "relate[d] to the substantive issues in the litigation and [be] directed to persons having some interest in the litigation," City of Costa Mesa v. D'Alessio Investments, LLC, 214 Cal.App.4th 358, 373 (2013) (citing Neville v. Chudacoff, 160 Cal.App.4th 1255, 1266 (2008)); accord Paul v. Friedman, 95 Cal.App.4th 853, 866 (2002).

Once a defendant makes a threshold showing that the act in question is protected, the burden shifts to the plaintiff. To resist the special motion to strike, the

plaintiff must establish "a probability of prevailing on the claim." <u>Navellier</u>, 29 Cal.4th at 88. The plaintiff meets this requirement if he has "stated and substantiated a legally sufficient claim." <u>Id.</u> at 88-89 (internal quotation marks and citation omitted); <u>see also</u> <u>Wilson v. Parker, Covert & Chidester</u>, 28 Cal.4th 811, 821 (2002) ("Put another way, the plaintiff 'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.'" (quoting <u>Matson v. Dvorak</u>, 40 Cal.App.4th 539, 548 (1995)).

## II. False Light

An action for false light invasion of privacy exists when defendant "gives publicity to a matter concerning another that places the other before the public in a false light . . . if (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." Restatement Second of Torts § 652E. <u>See also</u> <u>Hill v. National Collegiate Athletic Assn.</u>, 7 Cal.4th 1, 24 (1994) ("California common law has generally followed Prosser's classification of privacy interests as embodied in the Restatement."); <u>Fellows v. National Enquirer, Inc.</u>, 42 Cal.3d 234, 238-39 (1986) (recognizing the false light tort in California and noting that the publication at issue need not be defamatory, but often will be).

Comment C to the Restatement clarifies that the "highly offensive" element is met "when the defendant knows that the plaintiff, as a reasonable man, would be justified in the eyes of the community in feeling seriously offended and aggrieved by the publicity." Minor inaccuracies will not normally be highly offensive. For example, an incorrect statement of someone's address or starting date of employment would rarely if ever rise to the level of being "highly offensive to a reasonable person." But "serious offense may reasonably be expected" when there is "a major misrepresentation of [plaintiff's] character, history, activities or beliefs."

**III. Blacklisting**

California Labor Code §§ 1050, 1054 impose liability on "[a]ny person . . . who, after having discharged an employee from the service of such person or after an employee has voluntarily left such service, by any misrepresentation prevents or attempts to prevent the former employee from obtaining employment."

**IV. The Litigation Privilege**

The Litigation Privilege, Cal. Civil Code § 47(b)(2), provides an absolute defense to defamation and all other torts except malicious prosecution. Silberg v. Anderson, 50 Cal.3d 205, 212 (1990). The privilege "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Id.

7

The privilege exists "to afford litigants and witnesses . . . the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." Id. at 213 (citations omitted). Notably, the privilege "applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved." Id. at 212. See also Action Apartments Ass'n, Inc. v. City of Santa Monica, 41 Cal.4th 1232, 1241 (2007) ("The privilege is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards." (internal quotation marks and citation omitted)); Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC, 814 F. Supp. 2d 1033, 1040-41 (S.D. Cal. 2011) ("[T]he litigation privilege can apply to out-of-court statements to nonparties who have a substantial interest in the outcome of the pending litigation." (internal quotation marks and citation omitted)); Healey v. Tuscany Hills Landscape and Recreation Corp., 137 Cal.App.4th 1, 5-6 (2006) (applying litigation privilege to letter from homeowner association to its members discussing pending litigation between association and individual homeowner).

Additionally, the requisite "connection or logical relation" between the communication and the litigation must be a "functional connection." Rothman v. Jackson, 49 Cal.App.4th 1134, 1146 (1996). The communication, whether it takes

the form of a court document, a letter from an attorney, or a public statement, "must function as a necessary or useful step in the litigation process and must serve its purposes." Id. Thus, the party asserting the privilege must do more than show that the statement's content is related to the subject of the litigation. Id.

Moreover, the "objects of litigation" prong is limited to legally cognizable ends and does not include a general "desire to be vindicated in the eyes of the world." Id. at 1147-48. Accordingly, "the litigation privilege should not be extended to 'litigating in the press'" because it does not advance the purpose of the privilege -- uninhibited access to the courts -- and it damages the justice system by poisoning jury pools and bringing the bench and bar into disrepute. Id. at 1139, 49 (denying application of the litigation privilege to attorney's statement made at a press conference accusing opposing counsel of engaging in extortion). See also Susan A. v. County of Sonoma, 2 Cal.App.4th 88, 92, 95-96 (1991) (denying application of the litigation privilege to psychologist's disclosure of his impressions of his client to reporter).

**V. The Reporter's Privilege**

The Reporter's Privilege, Cal. Civil Code § 47(d)(1), provides a defense for "a fair and true report in, or a communication to, a public journal, of (A) a judicial, (B) legislative, or (C) other public official proceeding, or (D) of anything said in the course thereof, or (E) of a verified charge or complaint made by any person to a

public official, upon which complaint a warrant has been issued." A newspaper and

its website are "'public journal[s]' within the meaning of this statute." <u>Carver v.</u>

<u>Bonds</u>, 135 Cal.App.4th 328, 351 (2005) (citing <u>Colt v. Freedom Communications,</u>

<u>Inc.</u>, 109 Cal.App.4th 1551, 1555, 58 (2003)).

## <u>DISCUSSION</u>

Defendants have moved to strike Plaintiff's actions for false light and

blacklisting under California's anti-SLAPP law. Cal. Code Civ. Pro. § 425.16. The

Court must first determine whether the conduct underlying the complaint is protected

by the Anti-SLAPP law. <u>Navellier</u>, 29 Cal.4th at 88. If it is, then the Court must

decide whether Plaintiff has "stated and substantiated a legally sufficient claim" for

false light and blacklisting. <u>Id.</u>

### <u>I. Whether Defendants' Statement is Protected</u>

California Code of Civil Procedure § 425.16(e)(2) protects " any written or

oral statement or writing made in connection with an issue under consideration or

review by a legislative, executive, or judicial body." In this case, Tri-City was

prompted for comment by the press when their motion to dismiss Plaintiff's

complaint was denied. Tri-City responded that "Mr. Stein is a disgruntled former

employee who has a long history of being a disgruntled employee." While the

comment is disparaging, it does relate to the substantive issue of the underlying case:

whether Plaintiff was wrongfully terminated. Defendants could conceivably argue

that Plaintiff quit or was lawfully terminated because of his long-running

dissatisfaction with his employment. In context, Tri-City's statement is an attack on

the merits of Plaintiff's case, and is thus sufficiently related to the substantive issues

in question. See City of Costa Mesa, 214 Cal.App.4th at 373.

Moreover, the communication was directed to persons that have an interest in

the litigation: the San Diego Union Tribune and, through that paper, the public at

large. While not every dispute between a public entity and a former employee will

generate issues of public concern, some cases will do exactly that. Plaintiff has

accused Tri-City Healthcare District of wrongfully terminating him because of a

disability and retaliating against him for attempting to stop Tri-City from accepting

illegal kickbacks. These allegations are clearly matters of public concern.

Defendant's communication was therefore "directed to persons having some interest

in the litigation." Id. at 373.

The Court finds that Tri-City's statement falls within the broad ambit of

protected activity under § 425.16(e)(2).

**II. Whether Plaintiff has a Legally Sufficient Claim**

Plaintiff has alleged that Tri-City's statement that he had "a long history of

being a disgruntled employee" constitutes false light and blacklisting. The Court

finds that Plaintiff has sufficiently "stated and substantiated" his claims. Navellier,

29 Cal.4th at 88-89. Plaintiff need not prove his allegations at this time; he merely

needs to establish that "the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." Wilson, 28 Cal.4th at 821.

### A. Whether Defendants' Statement is Actionable

As a threshold matter, the Court rejects Defendants' argument that Tri-City's statement is not actionable. Defendants first argue that calling someone disgruntled would not harm their reputation. See Jewett v. IDT Corp., 04-1454 (SRC), 2007 WL 2688932 at *9 (D.N.J. Sept. 11, 2007); Shearin v. E.F. Hutton Group, Inc., 652 A.2d 578, 595-96 (Del. Ch. 1994). Additionally, Defendants argue that whether or not someone is disgruntled is a matter of opinion, not fact, and thus not defamatory as a matter of law. See Dworin v. Deutesch, 06 Civ. 13265 (PKC), 2008 WL 508019 at *8 (S.D.N.Y. Feb. 22, 2008); Simas v. First Citizens' Fed. Credit Union, 63 F.Supp.2d 110, 117 (D. Mass. 1999).

This Court need not decide whether the allegation that a former employee was "disgruntled," standing alone, could be a statement of fact that would harm a plaintiff's reputation, and thus rise to the level of being defamatory. In this case, Defendant Tri-City went one step further when its representative replied to a reporter that Plaintiff had "a long history of being a disgruntled employee." A reasonable person would understand this to mean that Plaintiff had a pattern of dissatisfaction and complaint. Whether or not such a pattern exists can be objectively proven or

disproven, and it is thus, a matter of fact, not opinion. <u>See generally</u> <u>Carver</u>, 135 Cal.App.4th at 344 (citations omitted) ("A statement is not defamatory unless it can reasonably be viewed as declaring or implying a provably false factual assertion.").

Moreover, the Court finds that this allegation could work a substantial harm to Plaintiff's professional reputation. A reasonable employer could clearly be influenced in its hiring decision upon learning that an applicant had "a long history of being a disgruntled employee." Prospective employers would certainly be reluctant to hire an employee with "a long history of being a disgruntled employee." The Court concludes that Defendants' statement is actionable as alleged. Having done so, the Court must now determine whether a jury could reasonably find each of the elements for false light and blacklisting if all of Plaintiff's evidence were accepted as true.

### B. Whether Plaintiff has Stated a Prima Facie Case

To establish a claim for false light, Plaintiff must show that Defendant published a matter concerning him with knowledge or reckless disregard of the falsity of the publicized matter that placed him before the public in a false light offensive to a reasonable person. <u>See</u> Restatement Second of Torts § 652E. To prevail on a claim for blacklisting, Plaintiff must show Defendant made a misrepresentation with the purpose of preventing Plaintiff from obtaining employment after Plaintiff was discharged from or voluntarily left his employment

with Defendant. California Labor Code §§ 1050, 1054. To determine whether these elements have been met, the Court looks to "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." Cal. Code Civ. Pro. § 425.16(b)(2).[3]

Stein alleges and is willing to testify that he had no history of being disgruntled and that Anderson knew Stein personally from prior work together. (Stein Decl. ¶ 5). Plaintiff also contends that even if Anderson was not the force behind the e-mail, Anderson's knowledge can be imputed to Tri-City because he was the CEO at the time. Moreover, Stein asserts that there is no information in his employment file which would allow anyone to conclude he was disgruntled. (Id.). Stein contends that, to the contrary, his work was praised and he was awarded multiple salary increases during his tenure. (Id.).

Plaintiff has also alleged that he was personally offended by Defendants' statement and that he has had difficulty obtaining employment after the statement

---

[3] California's Anti-SLAPP law puts Plaintiff to his proofs before he can conduct discovery, thereby limiting the available evidence. When a special motion to strike is brought in federal court based on an "alleged failure of proof, the motion must be treated in the same manner as a motion [for summary judgment] under Rule 56," which normally requires that the parties be given time to complete discovery. Rogers v. Home Shopping Network, Inc., 57 F.Supp.2d 973, 983, 85 (C.D. Cal. 1999) (cited with approval by Metabolife Int'll, Inc. v. Wornick, 264 F.3d 832, 846 (9th Cir. 2001)). In this case, Defendants have argued that the statement in question is non-actionable and that a privilege applies, but they have not directly contested Plaintiff's proofs. Accordingly, the Court finds that it can rule on the special motion to strike at this time based on the pleadings and declarations filed by the parties.

was published. (Id. at ¶¶ 5, 8-11).

Defendants do not contest these allegations in their motion papers, but presumably would at trial.[4] The Court concludes that if Plaintiff testified to the above and the jury credited the testimony, the jury could reasonably find that Defendants' statement met each of the elements for false light and blacklisting.

## C. Whether Defendants' Statement is Privileged

Despite these conclusions, Plaintiff must nonetheless also show that no applicable defense would bar his claim for relief as a matter of law. Defendants have asserted both the Litigation Privilege and the Reporter's Privilege as defenses to their statement.

## 1. The Litigation Privilege

The Litigation Privilege provides an absolute defense for "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Silberg, 50 Cal.3d at 212. The first two elements can clearly be established. A statement made outside a judicial proceeding regarding the proceeding can meet the first element. Id. Additionally, there is no dispute that the statement was made by Defendants, and

---

[4] Defendants have filed evidentiary objections to Stein's declaration, arguing that the statements made therein are inadmissible. The court has ruled on these objections in a separate order.

thus satisfies the second element of the test. However, the third and fourth elements are more problematic for Defendants.

First, the statement was made to a reporter that did not have the type of substantial interest in the litigation that the privilege is designed to further. Courts generally require a specific relationship between the provider and recipient of the information in question. See, e.g., Healey, 137 Cal.App.4th at 5-6 (members of homeowners association suing another member had a substantial interest in the case); Weiland Sliding Doors, 814 F. Supp. 2d at 1040-41 (customers of company sued for patent infringement had a substantial interest in the case); Susan A. v. County of Sonoma, 2 Cal.App.4th 88, 93-94 (1991) (declining to extend privilege to psychologist's statement to reporter because "the privilege does not apply where publication is to persons in no way connected with the proceeding.") The press and public may well have a generalized interest in knowing about a law suit against a public entity, but they lack a substantial interest comparable to those recognized in Weiland, Healy, and Susan A.

Second, Tri-City's statement that Plaintiff had a history of being disgruntled lacks a "functional connection" to the case and was not made to achieve a valid object of the litigation. See Rothman, 49 Cal.App.4th at 1146-48. As discussed earlier, the statement in question refers to facts which, if proven, could show that Defendants had a legitimate and legal basis for terminating Plaintiff. If the statement

was made in an answer or at a hearing, it would clearly "function as a necessary or useful step in the litigation process." Id. But Defendants have failed to explain how Tri-City's statement to a reporter materially advances their case. The mere "desire to be vindicated in the eyes of the world" is not a legitimate object of the litigation. Id. See also City of Costa Mesa v. D'Alessio Investments, LLC, 214 Cal.App.4th 358, 381-82 (2013) ("The test 'cannot be satisfied by communications which only serve interests that happen to parallel or complement a party's interests in the litigation,' including vindication in the court of public opinion.").

Third, application of the litigation privilege in this case would not advance the purpose of the privilege, which exists to enable and encourage access to the courts without fear of reprisal. See Silberg, 50 Cal.3d at 213. "[T]he litigation privilege should not be extended to 'litigating in the press'" because it does not advance the purpose of the privilege -- uninhibited access to the courts -- and it damages the justice system by poisoning jury pools and bringing the bench and bar into disrepute. Rothman, 49 Cal.App.4th at 1139, 49 (denying application of the litigation privilege to attorney's statement made at a press conference accusing opposing counsel of engaging in extortion). See also Susan A., 2 Cal.App.4th at 92, 95-96 (denying application of the litigation privilege to psychologist's disclosure of his impressions of his client to reporter).

Like the statements in Rothman and Susan A., Defendants' statement that

Plaintiff had a history of being disgruntled did not advance any legitimate litigation interest of the parties. Rather, it was an attempt to move the dispute outside the courtroom and into the press. Litigants are generally free to speak with the press and public about lawsuits, but they are not entitled to the protection of the litigation privilege when they do so. Like any other speaker seeking publication, they are subject to the rules of tort law and assume the risk of a defamation suit.

**2. The Reporter's Privilege**

Defendant Anderson also raises the Reporter's Privilege, which provides a defense for (1) a fair and true report in, or communication to, (2) a public journal of (3) a judicial proceeding or of anything said in the course thereof. See Cal. Civil Code § 47(d)(1); Carver, 135 Cal.App.4th at 351 (noting newspapers qualify as public journals).

On these facts, the Reporter's privilege is inapplicable. Defendants' statement was not a fair and true communication of something said or considered *in the course of a judicial proceeding*. Defendant argues that the statement was made in response to a request for comment on the Court's denial of Defendant's motion to dismiss. The motion to dismiss was focused on one issue: whether attorney-client privilege would bar admission of evidence Plaintiff needed to prove his retaliation claim. (Docs. 7, 13, 14, 19). Most of Defendant's e-mail meets this test, but the last sentence alleging that Plaintiff had a history of being disgruntled had no relation the

motion to dismiss. Accordingly, the privilege is inapplicable and the defense must fail.

### III. Attorney's Fees

Defendants have requested that the Court award them attorney's fees incurred in connection with bringing this motion. Similarly, Plaintiff has indicated that, if he prevails, he intends to bring a motion for attorney's fees incurred in defending against the motion.

Cal. Code Civ. Pro. 426.16(c)(1) provides in relevant part:

> [I]n any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion.

For the reasons discussed above, the Court will deny Defendants' motions to strike. Defendant is not a prevailing party and thus cannot recover fees under the statute. While Plaintiff has prevailed, the Court will not award fees to Plaintiff either as it finds that the motions presented arguable issues of law and were brought in good faith.

### CONCLUSION

The Court concludes that the statement in question is protected activity under California's Anti-SLAPP statute, but that Plaintiff has nonetheless established a

sufficient "probability of prevailing on the claim." <u>Navellier</u>, 29 Cal.4th at 88.

Moreover, Defendants have failed to establish that any privileges are applicable to

bar Plaintiff's claims. Accordingly, Defendants' Special Motions to Strike are

DENIED.


IT IS SO ORDERED.

Dated: <u>February 14, 2014</u>

BARRY TED MOSKOWITZ, Chief Judge
United States District Court