UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| STEVEN D. STEIN,<br><br>Plaintiff,<br><br>v.<br><br>TRI-CITY HEALTHCARE DISTRICT, a California Healthcare District; LARRY B. ANDERSON, an individual,<br><br>Defendant. | Civil No. 12-CV-2524-BTM (BGS)<br><br>**ORDER DENYING JOINT MOTION TO CONTINUE EXPERT DISCOVERY COMPLETION DEADLINE**<br><br>**[ECF No. 212.]** |
|---|---|

## I. INTRODUCTION

On the last day of the time period allotted for discovery in this case, May 30, 2014, the parties filed a joint motion to continue the expert discovery deadline to June 30, 2014. [ECF No. 212.] The parties state in their motion that they seek a continuance to complete "the depositions of a few defense and plaintiff experts, whose depositions are being scheduled to take place in June, 2014." [*Id.* at 2:12-14.]

## II. STANDARD OF REVIEW

Once a scheduling order has been filed pursuant to Rule 16, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met

despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

### III. CONCLUSION AND ORDER THEREON

The Court has reviewed the parties' joint motion and finds they have not demonstrated good cause for an open-ended continuance of the deadline for the completion of expert discovery.  In their motion, the parties fail to: (1) inform the court of how many depositions remain to be taken; (2) identify the experts whose depositions have not yet been taken; and (3) explain why, despite the diligence of the parties and an earlier extension giving the parties time to complete expert discovery, they were unable to meet the deadline.  The Court notes that Defendants specifically requested the now expired May 30th deadline and Plaintiff had previously opposed any extension whatsoever.  Accordingly, the Court **DENIES** the parties' joint motion without prejudice.  The Court will consider a renewed motion to extend the time necessary to complete expert *depositions*, which the parties contend is the reason behind their extension request, but only where the parties address the deficiencies listed above and propose a narrowly-tailored continuance which is specific to the outstanding depositions they have yet to complete.

DATED: June 2, 2014

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court