UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN D. STEIN,<br><br>Plaintiff,<br><br>v.<br><br>TRI-CITY HEALTHCARE DISTRICT, a California Healthcare District; LARRY B. ANDERSON, an individual,<br><br>Defendant. | Civil No. 12-CV-2524-BTM (BGS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART SECOND JOINT MOTION TO CONTINUE EXPERT DISCOVERY COMPLETION DEADLINE**<br><br>**[ECF No. 218.]** |

## I. INTRODUCTION

On May 30, 2014, the parties filed a joint motion to continue the expert discovery deadline, which was denied without prejudice for failure to demonstrate good cause on June 2, 2014. [*See* ECF No. 213.] On June 4, 2014, the parties filed a second, more detailed joint motion seeking to extend the expert deposition dates for specific expert witnesses on dates certain. [ECF No. 218 at 4-5.] In addition to the renewed request to conduct expert depositions past the expert discovery deadline, Defendant Anderson uses the joint motion to request more time, even though fact and expert discovery are closed, to file a motion for leave to issue a deposition subpoena. [*Id.* at 5:16-18.]

## II. STANDARD OF REVIEW

Under FRCP 16(b)(3), courts must limit the time to complete discovery and set a "cut-off" date.  Unless an extension or relief is granted, discovery not completed by the deadline

is not enforceable. *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir.1986). A party may obtain relief from a "cut-off" date only by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4); *Rosario v. Livaditis*, 963 F.2d 1013, 1019 (7th Cir.1992). Good cause requires a showing of due diligence. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir.2006); *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087–88 (9th Cir.2002).

### III. CONCLUSION AND ORDER THEREON

**A. The Parties' Request to Conduct Expert Depositions Noticed to Occur Past the Discovery Deadline is Granted.**

In the joint motion, the parties have demonstrated that they have diligently worked to notice and schedule the depositions of attorney Deborah Wolfe, vocational expert Roderick Stoneburner, economist Roberta Spoon and economist Paul Zimmer. Due to the timing of court deadlines setting dates for the service of expert reports as well as individual scheduling conflicts, the parties have convinced the Court that the four depositions mentioned above could not have been completed by the May 30, 2014 deadline. Accordingly, the Court **GRANTS** the parties' joint request to conduct the Wolfe, Stoneburner, Spoon and Zimmer depositions in June of 2014 despite the expiration of the expert discovery deadline on May 30, 2014.

**B. Defendant Anderson's Request For Leave To Issue An Untimely Deposition Subpoena is Denied.**

In the joint motion, Defendant Anderson also requests that the Court grant him until June 16, 2014, to file a motion for leave to issue a 3rd party deposition subpoena to Dr. Richard Armour. Dr. Armour is a treating physician of Plaintiff Stein, who was identified in Plaintiff's initial disclosures. [ECF No. 218 at 5:9.] The exchange of initial disclosures under Rule 26(a) was ordered to occur no later than December 2, 2013. [ECF No. 72 at 1.]

Defendant Anderson argues in the joint motion that Dr. Armour has not agreed to be deposed, therefore he needs additional time, past the discovery deadline, to issue a deposition subpoena compelling Dr. Armour's attendance. [ECF No. 218 at 5:12-14.] However, Defendant Anderson did not notify the Court pursuant to chambers' rules that a discovery dispute had

arisen and that he was having difficulty arranging Dr. Armour's deposition. The time to serve a deposition subpoena has now passed, which Defendant Anderson admits.

Based on the information provided in the joint motion, the Court finds Defendant Anderson has failed to demonstrate his due diligence in arranging the deposition of Dr. Armour. Defendant Anderson has known Dr. Armour was a treating physician of Plaintiff since the exchange of initial disclosures on or about December 2, 2013. There is no discussion in the joint motion as to why Defendant did not attempt to issue a deposition subpoena for Dr. Armour before the discovery deadline expired. Moreover, Defendant Anderson failed to contact the Court for assistance when it first became apparent that Dr. Armour would not cooperate with deposition scheduling and provides no reasons to explain why he did not request Court intervention before the discovery deadline passed. Defendant Anderson also fails to persuade the Court that a belated deposition of Dr. Armour is needed. *See* Fed.R.Civ.P. 26(b)(2)C (requiring that when determining the appropriateness of discovery requests courts should consider whether the discovery is duplicative or overly burdensome and whether the burden and expense of discovery outweighs the benefit). Dr. Armour has <u>not</u> been designated as an expert witness by Plaintiff and while the parties agree that Dr. Armour has relevant information, there is no discussion in the joint motion on why this treating physician's testimony would not be duplicative in light of the medical records and Independent Medical Exam results that Defendant already has. Accordingly, the Court **DENIES** Defendant Anderson's request to file a motion for leave to issue a subpoena compelling Dr. Armour's deposition after the expiration of the discovery deadline.

DATED: June 5, 2014

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court