# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN D. STEIN,<br><br>                Plaintiff,<br><br>    v.<br><br>TRI-CITY HEALTHCARE DISTRICT, a California healthcare district, LARRY B. ANDERSON, an individual,<br><br>                Defendants. | Case No. 12cv2524 BTM(BGS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY QUALIFIED IMMUNITY APPEAL PROCEDURALLY FRIVOLOUS** |

     On October 6, 2014, Plaintiff Steven D. Stein filed a motion requesting this Court's certification to the Ninth Circuit Court of Appeals that Defendant Larry B. Anderson's collateral appeal (Dkt. No. 253) of the Court's August 27, 2014 Order (Dkt. No. 246) denying qualified immunity to Mr. Anderson, is procedurally frivolous and legally meritless under Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992). (Dkt. No 225). The Court disagrees and DENIES the Plaintiff's motion.

     In Mitchell v. Forsyth, 472 U.S. 511(1985) the Supreme Court ruled that a defendant denied qualified immunity by a district court could file an interlocutory appeal to obtain review of any disputed question of law. Forsyth put forth that "the entitlement [to qualified immunity] is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Id. at 526. A jurisdictional consequence of an interlocutory appeal is that it "confers jurisdiction on the court of appeals and divests the district court of control over

those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). Ordinarily, the district court does not regain jurisdiction over those issues until the appellate court decides them. See United States v. DeFries, 129 F.3d 1293, 1302–03 (D.C. Cir.1997). However, some circuit courts have carved out narrow exceptions to this rule, including in cases where a defendant files a frivolous interlocutory appeal of a denial of qualified immunity. The Ninth Circuit has adopted a "dual jurisdiction" rule wherein an appeal from a district court's denial of qualified immunity motion, which that district court finds to be frivolous, does not divest it of jurisdiction to proceed with trial. Chuman v. Wright, 960 F.2d at 105 (citing trial United States v. LaMere, 951 F.2d 1106, 1108 (9th Cir. 1991)).

The rule stems from Apostol v. Gallion, 870 F.2d 1335 (7th Cir. 1989), where the Court first observed that the procedure of lodging an interlocutory appeal may be misused for tactical reasons by defendants seeking to stall litigation. To address the "sham" appeals, the Seventh Circuit, followed by others including the Ninth, created a "certification" process whereby "a district court may certify to the court of appeals that the appeal is frivolous and [retrieve jurisdiction to] get on with the trial." Rivera-Torres v. Ortiz Velez, 341 F.3d 86, 94 (1st Cir. 2003) (citing Apostol, 870 F.2d at 1338-39 ); see also Chuman v. Wright, 960 F.2d at 105; Yates v. City of Cleveland, 941 F.2d 444, 448-49 (6th Cir. 1991); Stewart v. Donges, 915 F.2d 572, 577 (10th Cir. 1990). However, "[s]uch a power must be used with restraint, just as the power to dismiss a complaint for lack of jurisdiction because it is frivolous is anomalous and must be used with restraint." Apostol, 870 F.2d at 1339 (cited favorably by Chuman v. Wright, 960 F.2d at 105).

/ / /
/ / /
/ / /

Having considered the parties' arguments in applying the standard established in <u>Chuman v. Wright</u>, the Court finds that Plaintiff has failed to show that Mr. Anderson's appeal of the Court's denial of qualified immunity to him is necessarily procedurally frivolous. Therefore, Plaintiff's motion for certification to that effect is DENIED. The matter is stayed pending the Ninth Circuit Court of Appeal's resolution of the Defendants' two pending collateral appeals of this Court's Orders at Dockets 110 and 246.

**IT IS SO ORDERED.**

DATED: January 9, 2015

BARRY TED MOSKOWITZ, Chief Judge
United States District Court